UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.231.233.3,<br><br>    Defendants. | Case No.  23-cv-04948-EMC   (EMC)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>Docket No. 8 |

    Plaintiff Strike 3 Holdings, LLC ("Strike 3") has filed a copyright infringement action against Defendant John Doe.  Strike 3 alleges that Mr. Doe has infringed 27 of Strike 3's motion pictures using BitTorrent protocol.  Docket No. 1 (Complaint) ¶ 4.  Currently pending before the Court is Strike 3's *ex parte* application for leave to serve a third-party subpoena prior to a Rule 26(f) conference.  Docket No. 8.

## I.    DISCUSSION

    The Court has reviewed the application and supporting materials, as well as the complaint.  *See, e.g.*, Docket No. 8-1 Ex. A (Declaration of David Williamson) ¶¶ 34–36 (testifying that Strive 3 "strives to only file strong cases against extreme infringers . . . only those infringers who engage not only in illegal downloading, but also in large scale unauthorised distribution of our content," "do[es] not seek settlements unless initiated by the defendant or their counsel," "do[es] not send demand letters," and "are careful not to proceed with a case against a defendant unless we feel we have a strong case and a good faith basis"); Docket No. 7-1 Ex. B (Declaration of Patrick Paige) ¶¶ 16–18, 26 (testifying that upon reviewing the PCAP (packet capture), confirming that "the PCAP is evidence of a recorded transaction with IP address 73.231.233.3 on 9/04/2023 10:41:55

UTC" that "uploaded a piece or pieces of a file corresponding to hash value BEA6A6EEDBFAE639B57528068B63DC3620AD7D05 to VXN Scan"); Docket No. 7-1 Ex. C (Declaration of Susan Stalzer) ¶ 11 (testifying that each infringing file was a copy of one of Strike 3's motion pictures that is "identical, strikingly similar, or substantially similar to the original work"); Docket No. 7-1 Ex. D (Declaration of Emilie Kennedy) ¶¶ 4–8 (confirming that the IP address 73.231.233.3 traced to a location in Campbell, California).

For reasons similar to those articulated in another Strike 3 case before the Court, *see Strike 3 Holdings, LLC v. Doe*, No. C-18-05994-EMC (N.D. Cal. Nov. 6, 2018) (Docket No. 10), the Court **GRANTS** the application for what is, in effect, limited early discovery.

The Court notes, however, that, although it is permitting limited early discovery, it is not precluding Mr. Doe from filing a 12(b)(6) motion to dismiss nor is it prejudging any such motion. The Court also advises Strike 3 that, upon obtaining the name and address of Mr. Doe, it has a Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it should be mindful of the Ninth Circuit's decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018) (stating that "a bare allegation that a defendant is the registered subscriber of an Internet Protocol ('IP') address associated with infringing activity is [in]sufficient to state a claim for direct or contributory infringement").

## II.     CONCLUSION

It is hereby **ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Comcast Cable to obtain the true name and address of the Doe Defendant at IP address 73.231.233.3.  A copy of this Order must be attached to the subpoena, and any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of serving Defendant and prosecuting the claims asserted in the complaint.

It is further **ORDERED** that Comcast Cable will have 30 days from the date of service upon it to serve the Doe Defendant with a copy of the subpoena and a copy of this Order.

It is further **ORDERED** that the Doe Defendant will have 30 days from the date of service upon him of this Order to file any motions contesting the subpoena with this Court.  If that 30-day period lapses without the Doe Defendant contesting the subpoena, Comcast Cable shall produce

the information responsive to the subpoena to Plaintiff within 10 days.

It is further **ORDERED** that Plaintiff shall not publicly disclose any of the Doe Defendant's identifying information until he has had the opportunity to file a motion with this Court for leave to proceed anonymously and that motion is ruled on by the Court. The Doe Defendant will have 30 days from the date of service upon him to file such a motion, and he may file the motion under seal.

This order disposes of Docket No. 8.

**IT IS SO ORDERED**.

Dated: November 10, 2023

_____
EDWARD M. CHEN
United States District Judge